**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:12-cv-02387-STA-dkv |
| | ) | Cr. No. 2:09-cr-20115-STA-1 |
| RICO RICE, | ) ) | |
| Defendant. | ) | |

**ORDER DENYING & DISMISSING MOTION PURSUANT TO 28 U.S.C. § 2255**
**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH**
**AND**
**ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On May 21, 2012, Defendant Rico Rice, Bureau of Prisons inmate registration number 22829-076, an inmate at the Federal Correctional Institution ("" FCI") in Forrest City, Arkansas, filed a motion pursuant to 28 U.S.C. § 2255 alleging that trial counsel provided ineffective assistance. (ECF No. 1.) On February 6, 2013, the Court directed the United States to respond to the motion to vacate. (ECF No. 6.) On March 27, 2013, the United States filed an answer contending that Defendant's motion is without merit. (ECF No. 10.) On April 26, 2013, Defendant filed a reply. (ECF No. 11.)

## I. PROCEDURAL HISTORY

On March 24, 2009, a federal grand jury returned a three-count indictment against Defendant Rico Rice. (Indictment, Criminal ("Cr.") ECF No. 6.) Defendant Rice was charged with possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g) (Count One); possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1)

(Count Two); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three). (*Id.*) On February 22, 2010, Attorney Jim Thomas filed a motion to suppress. (Cr. D.E. 29.) On May 13, 2010, the Court held an evidentiary hearing on Defendant's motion to suppress all evidence acquired as a result of his traffic stop. (Cr. ECF No. 39.) After listening to the testimony of Officer Eugene Burnett and reviewing the following exhibits: (1) the tow recovery report form; (2) Defendant's arrest ticket; (3) the Memphis Police Department tow policy; (4) the vehicle search form; (5) the vehicle seizure form; and (6) the evidence bag, the Court denied the motion to suppress. (*Id.*) The Court stated:

> Well, the two issues obviously that the court is concerned with will be first, the traffic stop, whether or not there was probable cause for the officer to initiate the traffic stop. And the court finds based on the testimony – and of course keeping in mind that the only testimony before the court at this time is Officer Burnett's testimony, and the court has no reason at this point to believe that Officer Burnett's testimony was not credible, so the court finds at this point that the traffic stop was reasonable, that there was probable cause to believe that the defendant had, in fact, run the red light at that time based strictly on the testimony of Officer Burnett. Now, then that takes us to the second issue, which is the more pertinent to this case, having to do with whether or not, based upon the traffic stop and the overall circumstances, there was probable cause for Officer Burnett to do an additional search of the vehicle. Officer Burnett has testified that based upon his years of experience and his knowledge gained through his experience in law enforcement that he is able to detect the odor of raw marijuana. Again, all I have before me at this point, Mr. Thomas, is just the testimony of Officer Burnett, and I have no reason to believe that that testimony is not credible or reliable. So it is the court's finding that, based upon Officer Burnett's testimony that he did smell raw marijuana, that he had probable cause to continue the search of the vehicle because he had probable cause to believe that there were, that there was the possibility or possibly evidence of additional crimes located within the vehicle. And it's the court's belief that under Arizona versus Gant that in this circumstance – obviously we are dealing with some circumstances now where the courts are finding and I myself have found that under Arizona versus Gant that it was not proper to conduct an additional search of the vehicle, but in this case, based upon the fact that Officer Burnett's testified that he did smell the raw marijuana when the window was rolled down, it is my conclusion that he had probable cause to continue to search the vehicle for evidence of other crimes. Now, of course he found – he testified that he found the two small baggies containing marijuana and that the other substances and the scales and, what was

it, baggies I believe were found by the other officers when they arrived on the scene and conducted the inventory search. Again, based strictly on the testimony of Officer Burnett, I cannot conclude that it was improper for the officers to conduct the inventory search. At that time the vehicle was parked on a public street. The court's already found that they had probable cause to make the initial stop and probable cause to make the search of the vehicle based upon the smell of the raw marijuana. At that point it would be reasonable for the officers to conduct an inventory of the vehicle, and of course the items were found at that time, which under the Tennessee forfeiture law would enable them to take possession of the vehicle subject to forfeiture. So based upon all those factors, it is the court's conclusion that the motion to suppress should be denied.

(Cr. ECF No. 67 at PageID 139-41.)

On June 2, 2010, Defendant Rice filed a *pro se* motion to dismiss counsel. (Cr. ECF No. 24.) On June 24, 2010, Attorney Thomas filed a motion seeking to withdraw from Defendant's representation based on "a complete breakdown in effective communication." (Cr. ECF No. 43.) On June 29, 2010, Chief United States Magistrate Judge Diane K. Vescovo granted counsel's motion to withdraw and appointed new counsel for Defendant. (Cr. ECF Nos. 46-47.) On February 24, 2011, Attorney Linda Garner filed a motion to dismiss the indictment based on a violation of the Speedy Trial Act. (Cr. ECF No. 55.) On March 3, 2011, Rice pled guilty to Count Three of the indictment, pursuant to a written plea agreement. (Minute ("Min.") Entry, Cr. ECF No. 57.)

The plea agreement provided as follows:

The following constitutes the Plea Agreement reached between the United States, represented by EDWARD L. STNATON, III, United States Attorney for the Western District of Tennessee, and MICHELLE L. KIMBRIL-PARKS, Assistance United States Attorney, the defendant RICO RICE, represented by LINDA GARNER, defense counsel. The parties enter into the following Plea Agreement pursuant to Rule 11(c)1(c) of the Federal Rules of Criminal Procedure. It being the intention of the parties that the Court may accept or reject this agreement immediately or after having had an opportunity to review the pre-sentence report, but may not modify the agreement. Except with respect to any non-binding recommendations to be made by the United States, if the Court rejects the agreement either party may withdraw from the agreement.

3

RICO RICE agrees that he will enter a voluntary plea of guilty to count THREE of the indictment.

The United States agrees to dismiss any remaining counts of the indictment against the defendant at the appropriate time.

The parties agree to recommend that the court impose a term of 70 months imprisonment.

Given the facts in the possession of the United States at the time of the writing of this agreement, the United States does not oppose the defendant receiving acceptance of responsibility credit pursuant to U.S.S.G. Section 3E1.1 The defendant understands that if the United States receives information between the signing of this agreement and the time of the sentencing that the defendant has previously engaged in, or it he engages in the future, in conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation of any additional criminal activities between now and the time of sentencing, this position could change. Further, the defendant understands that whether or not acceptance of responsibility credit pursuant to Section 3E1.1 is granted is a matter to be determined by the district court. Failure of the district court to grant acceptance of responsibility credit is not a basis for RICO RICE to withdraw his guilty plea.

The Defendant is aware that Title 18, United States Code Section 3742 gives him the right to appeal the sentence imposed by the Court. Acknowledging this, defendant knowingly and voluntarily waives his right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as the sentence is within the applicable guideline range. This waiver is made in exchange for the concessions made by the United States in this Plea Agreement. The waiver in this paragraph does not apply to claims relating to prosecutorial misconduct and ineffective assistance of counsel.

The defendant understands and agrees that the special assessment is due and payable to the United States District Court office immediately following the defendant's sentencing.

RICO RICE agrees that this plea agreement constitutes the entire agreement between himself and the United States and that no threats have been made to induce him to plead guilty. By signing this document, RICO RICE acknowledges that he has read this agreement, has discussed it with his attorney and understands it.

(Plea Agreement, Cr. ECF. 58 at PageID 68-71.)

Defendant advised that Court that he had discussed his case "completely and fully" with his attorney, that she had "been able to explain to [his] satisfaction what the facts of the case are, what the law would be that would apply to those facts and what [his] options are about whether to plead guilty or go to trial," and that he was "satisfied with [her] representation." (Cr. ECF No. 69 at PageID 148-49.) Defendant told the Court he understood that he was "giving up [his] right to appeal [his] conviction." (*Id.* at PageID 151.) The United States summarized the evidence:

> Had this matter gone to trial the facts would have been that on March 19, 2009 members of the Memphis Police Department OCT CAT Unite were in the area of Overton Crossing and at Whitney Road checking for criminal activity here in Memphis, Shelby County. The defendant was observed driving a black Infiniti westbound Whitney Road, disregarded a red light at Overton Crossing to go southbound on Overton Crossing. The defendant was pulled over by Detective Burnett and advised of the violation. While advising the defendant there was a strong odor of raw marijuana coming from the vehicle. The officer called for additional officers to make the scene. During the traffic stop the defendant was observed to make further movement as if he was reaching for something between the driver's seat and the console. He was given several verbal commands to show his hands. He refused to comply. Officer Burnett had the defendant open the driver's side door, at which time the defendant exited and attempted to fight by swinging his right fist at the officer. The defendant was taken into custody. After a brief struggle Defendant Rice did not sustain any injuries and did not require any medical treatment. The defendant was placed under arrest for disorderly conduct and disregarding a red light. The detectives – additional officers made the scene and searched the vehicle and recovered a backpack containing several small bags of marijuana as well as a digital scale, a box of sandwich bags, a black Taurus 40 caliber firearm, $337 in cash. The marijuana weighed 404 grams. There was an additional – in the defendant's wallet was an additional $800 in case. The firearm was examined by a member of the ATF and found to be manufactured outside the state of Tennessee. It was also determined that prior to the commission of this offense Mr. Rice had been convicted of a felony and these events did happen here in the Western District of Tennessee.

(*Id.* at PageID 160-62.) The Defendant admitted that the statements concerning his possession of the Taurus 40 caliber semi-automatic pistol were substantially true and correct and that he "intentionally possess[ed] a Taurus 40 caliber semi-automatic pistol while engaged in a drug trafficking crime for which [he] could be prosecuted." (*Id.* at PageID 162-63.) The Court

accepted Defendant's guilty plea. (*Id.* at PageID 163.) Defense counsel made an oral motion to withdraw the motion to dismiss the indictment which was granted by the Court. (*Id.*at PageID 164.)

On June 9, 2011, the Court sentenced Defendant Rice to seventy months of imprisonment, to be followed by a three-year term of supervised release. (Min. Entry, Cr. ECF. 62.) The Court's judgment was entered on June 10, 2011. (Judgment ("J."), Cr. ECF No. 63.) Rice appealed. (Cr. ECF No. 65.)

On appeal, Rice attempted to challenge the denial of the motion to suppress. (Cr. ECF No. 71.) The United States Court of Appeals for the Sixth Circuit dismissed Rice's appeal, stating:

> Rice was stopped after a police officer observed him drive through a red light. A search of Rice's vehicle yielded a handgun, marijuana, digital scales, plastic bags, and case. Rice moved to suppress the seized evidence. The district court denied the motion. Rice and the government then entered a plea agreement, by which Rice entered a guilty plea to possession of a firearm in furtherance of a drug-trafficking crime.

> The plea agreement did not preserve a right to appeal the district court's suppression ruling. Additionally, Rice "waive[d] his right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as the sentence is within the applicable guideline range." The agreement stated a recommended sentence of 70 months' imprisonment.

> At the change-of-plea hearing, the district court determined that nothing precluded Rice's entry of a plea. The court reviewed the various rights that Rice was relinquishing by entry of a guilty plea. In particular, the court asked, "Do you also understand that you will be giving up your right to appeal your conviction in this matter?" Rice responded, "Yes." The government's attorney then read the specific charge. Rice acknowledged that he had discussed with his attorney the potential sentencing range.

> Rice acknowledged that he had reviewed with his attorney the terms and conditions of the plea agreement. When the court asked if he understood the agreement, Rice answered, "Yes, I understand." The government attorney then reviewed all terms of the plea agreement, including the appeal waiver. At the

close of this review, Rice agreed that the summary reflected his understanding of the agreement. He affirmed that he had signed the agreement freely and voluntarily, after discussion with his attorney. The plea hearing indicates that Rice entered his plea agreement knowingly and voluntarily, and the waiver is thus effective.

If the court and the government agree, "a defendant may enter a conditional plea of guilty or nolo contender, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion." Fed. R. Crim. P. 11(a)(2). "[A] defendant who pleaded guilty may not appeal an adverse ruling on a pre-plea motion to suppress evidence 'unless he has preserved the right to do so by entering a conditional plea of guilty in compliance with' Rule 11(a)(2)." *United States v. Bell*, 350 F.3d 534, 535 (6th Cir. 2003) (quoting *United States v. Herrera*, 265 F.3d 349, 351 (6th Cir. 2001)). "To preserve the right to appeal a pre-plea motion under Rule 11(a)(2), we require '1) a conditional guilty plea in writing; 2) that reserves the right to appeal a specified pre-trial motion; and 3) that evidences the government's consent.'" *United States v. Mendez-Santana*, 645 F.3d 822, 829 (6th Cir. 2011) (quoting *Bell*, 350 F.3d at 535)). There being no preservation of the right to appeal the district court's suppression ruling, and Rice's plea otherwise being knowing and voluntary, we shall not exercise jurisdiction in this appeal. The motion to dismiss is GRANTED.

(*Id.* at PageID 174-76.)

On May 21, 2012, Defendant filed this motion to vacate alleging that his attorney provided ineffective assistance by advising him to enter into a plea agreement that waived his right to appeal the motion to suppress and by failing to investigate the case. (ECF No. 1 at PageID 1-2.) The United States has responded that Rice's motion is without merit and should be denied. (ECF No. 10.)

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255(a),

[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation and internal quotation marks omitted).

A § 2255 motion is not a substitute for a direct appeal. *See Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976). "Defendants must assert their claims in the ordinary course of trial and direct appeal." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). This rule is not absolute:

> If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what is really being asserted is a violation of due process.

*Id*.

Even constitutional claims that could have been raised on direct appeal, but were not, will be barred by procedural default unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise these issues previously. *El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3d 693, 698-99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors). Alternatively, a defendant may

obtain review of a procedurally defaulted claim by demonstrating his "actual innocence." *Bousley v. United States*, 523 U.S. 614, 622 (1998).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.* The movant is entitled to reply to the Government's response. Rule 5(d), Section 2255 Rules. The Court may also direct the parties to provide additional information relating to the motion. Rule 7, Section 2255 Rules.

"In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). "'[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Id.* (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Where the judge considering the § 2255 motion also presided over the criminal case, the judge may rely on his or her recollection of the prior case. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996); *see also Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977) ("[A] motion under § 2255 is ordinarily presented to the judge who presided at the original conviction and sentencing of the prisoner. In some cases, the judge's recollection of the events at issue may enable him summarily to dismiss a § 2255 motion."). Defendant has the burden of proving that

he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

A claim that ineffective assistance of counsel has deprived a defendant of his Sixth Amendment right to counsel is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668 (1984). To demonstrate deficient performance by counsel, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

> A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. [*Strickland*, 466 U.S.] at 689. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*, at 687.

*Harrington v. Richter*, 131 S. Ct. 770, 787 (2011).

To demonstrate prejudice, a prisoner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.[1] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

> It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." [*Strickland*, 466 U.S.] at 693, 104 S. Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*, at 687, 104 S. Ct. 2052.

*Richter*, 131 S. Ct. at 787-88; *see also id.* at 791-72 ("In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the

---

[1] "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." *Strickland*, 466 U.S. at 697. If a reviewing court finds a lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient. *Id.*

outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. . . . The likelihood of a different result must be substantial, not just conceivable." (citations omitted)); *Wong v. Belmontes*, 558 U.S. 15, 27 (2009) (per curiam) ("But *Strickland* does not require the State to 'rule out' [a more favorable outcome] to prevail. Rather, *Strickland* places the burden on the defendant, not the State, to show a 'reasonable probability' that the result would have been different." (citing *Strickland*, 466 U.S. at 694)).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

> An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S., at 689-690, 104 S. Ct. 2052. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.*, at 689, 104 S. Ct. 2052; *see also Bell v. Cone*, 535 U.S. 685, 702, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S., at 690, 104 S. Ct. 2052.

*Richter*, 131 S. Ct. at 788.

## III.    ANALYSIS

The Sixth Circuit Court of Appeals previously determined that Rice's plea was knowing and voluntary when enforcing Rice's waiver of his right to appeal. (Cr. ECF No. 71 at PageID 176.) As such, the decision on appeal precludes Rice, who is now proceeding collaterally, from relitigating the validity of his waiver. *See, e.g., Jones v. United States*, 178 F.3d 790, 796 (6th Cir.1999) ("It is equally well settled that a § 2255 motion may not be employed to relitigate an

issue that was raised and considered on direct appeal absent highly exceptional circumstances.")
The waiver did not, however, bar Rice's claims of ineffective assistance on collateral review.

### A. Ineffective Assistance of Counsel with Respect to Appellate Waiver of Denial of Motion to Suppress

Rice argues that he entered into his plea agreement and waiver of appellate rights because of ineffective assistance of counsel. (ECF No. 1 at PageID 18.) He alleges that reservation of the right to appeal the denial of his motion to suppress "could have [resulted in] vacat[ion of] the conviction." (*Id.*) He does not further develop his argument with facts. As set forth above, a movant must allege facts in his § 2255 petition which would justify relief. Rice has not done so and only makes a conclusory allegation of ineffective assistance of counsel.

To the extent Rice is arguing that his plea agreement, and the appellate waiver contained therein, was not entered into knowingly and voluntarily, the record in this case establishes otherwise. First of all, the Sixth Circuit Court of Appeals has already determined that he acted knowingly and voluntarily with respect to the entry of his plea agreement and the appellate waiver. The Sixth Circuit specifically held that the district court complied fully with the requirements of Rule 11 and determined "that Rice entered his plea agreement knowingly and voluntarily, and the waiver is thus effective." (Cr. ECF No. 71 at PageID 175.) Rice has set forth no facts which were not known by the Sixth Circuit at the time of that ruling and he is now bound by the Sixth Circuit holding.

Secondly, the transcript of the change of plea hearing clearly dispels any notion that Defendant's guilty plea or waiver of appellate rights was anything other than fully knowledgeable and voluntary. (Cr. ECF No. 69 at PageID 147-65.) This Court complied fully with the requirements of Rule 11 and made a specific finding that "the defendant has offered to

plead guilty knowingly and voluntarily. Rice acknowledged during the change of plea hearing that he was pleading guilty to Count Three of the indictment because he intentionally possessed a Taurus 40 caliber semiautomatic pistol while engaged in a drug trafficking crime and he acknowledged at multiple times during the change of plea hearing his understanding that his plea agreement, made pursuant to Rule 11(c)(1)(C), required the Court to impose a 70 month term of imprisonment. (*Id.*) With respect to the appellate waiver contained in his plea agreement, Rice specifically acknowledged that he understood the waiver and that he had fully discussed the waiver with his attorney and signed the plea agreement because he believed it was the best thing for him to do. (*Id.* at PageID 160.)

Rice's negotiated plea agreement under Rule 11(c)(1)(c) resulted in the dismissal of the remaining two counts of the indictment and limited his potential term of imprisonment to seventy months. Had Rice chosen to go to trial and been convicted of all charged counts, he risked a potential sentence of ten years in prison on Counts One and Two, plus five consecutive years in prison on Count Three. There is no support in the record for any contention by Rice that the government would have offered a plea other than the one which was offered or that counsel somehow could have secured a more favorable plea agreement. Defendant fails to identify any defense to any count of the indictment that would have resulted in a different plea offer or that would have been a basis for proceeding to trial. The evidence against Defendant was overwhelming. Rice cannot establish that the United States would have consented to litigate the suppression issue on direct appeal or would have offered a conditional guilty plea agreement.

Counsel did not provide ineffective assistance where the facts to which Defendant admitted were adequately supported by the evidence and supported a finding of guilt. Rice's counsel did not perform deficiently by counseling her client to enter an unconditional guilty plea-

thereby waiving his right to appeal-rather than risk going to trial and face a potential sentence of one hundred eighty years. This issue is without merit and is DENIED.

**B.      Ineffective Assistance of Counsel with Respect Failure to Investigate Suppression Issues**

Defendant Rice contends that his second attorney, Linda Garner, should have hired a private investigator, obtained the dispatch log and dash cam footage of his arrest, and interviewed the arresting officer to demonstrate that his Fourth Amendment rights were violated. (ECF No. 1 at PageID 19-20.) Rice repeats the legal argument presented by his first attorney and rejected by the Court at the conclusion of the suppression hearing. (*Id.* at PageID 20.)

Attorney Linda Garner was not the attorney who filed and litigated Defendant's motion to suppress before this Court. The arresting officer gave sworn testimony. No witnesses testified on behalf of Defendant. No proof was presented to support Defendant's argument that the evidence seized during his arrest should be suppressed. Defendant's relationship with the Attorney Thomas deteriorated shortly after the Court denied the motion. There is no basis in the record to conclude that any proof existed that would have caused this Court to reconsider the denial of Defendant's motion to suppress.

Defendant Rice has produced no witnesses, affidavits, or evidence that either attorney should have presented to this Court or on appeal. Rice has not supported his argument with any fact establishing a reasonable probability that Garner should or could have taken any further action after her appointment that would have caused the Court to reconsider its ruling. He has not identified any appealable error in this Court's ruling on the motion to suppress. Rice has failed to establish either deficient performance or prejudice by his attorney. This issue is without merit and is DENIED.

## IV.    CONCLUSION

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  Defendant's conviction and sentence are valid and, therefore, his motion to vacate (ECF No. 1) is DENIED.  Judgment shall be entered for the United States.

Pursuant to 28 U.S.C. § 2253(c)(1), the district court is required to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).  No § 2255 movant may appeal without this certificate.

A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing.  28 U.S.C. § 2253(c)(2), (3).  A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).  A COA does not require a showing that the appeal will succeed.  *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011).  Courts should not issue a COA as a matter of course.  *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337).

In this case, for the reasons previously stated, Defendant's claim lacks substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Fed. R. App. P. 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.[2]

**IT IS SO ORDERED,** this 6th day of February 2015.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[2]If Defendant files a notice of appeal, he must also pay the full $505 appellate filing fee (*see* 28 U.S.C. §§ 1913, 1917) or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days (*see* Fed. R. App. P. 24(a) (4)-(5)).